FILED '07 JUN 27 13:49 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JUDITH E. MAK, | ) | |
| | ) | Civil No. 05-1291-CL |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ASANTE, dba ROGUE VALLEY | ) | ORDER |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, Judge.**

Magistrate Judge John P. Cooney has filed Findings and Recommendation, and the matter is now before this court.  See 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).  When either party objects to any portion of a Magistrate Judge's Findings and Recommendation, the district court reviews that portion of the Magistrate Judge's report de novo.  28 U.S.C. § 636(b)(1)(C); McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F. 2d 1309, 1313 (9th Cir. 1981).

Plaintiff filed timely objections, so I have given the file of this case de novo review.  I adopt the F&R.

1 -  ORDER

## DISCUSSION

Magistrate Judge Cooney concluded that defendant was entitled to summary judgment on plaintiff's claim under the federal Family Medical Leave Act (FMLA), and that this court should decline under 28 U.S.C. § 1367(c) to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

Plaintiff objects that Judge Cooney improperly made findings of fact on summary judgment. The F&R states, "The Court makes the following findings of fact, considering the evidence in the light most favorable to the non-moving party." F&R at 2.

District courts generally make no findings of fact in resolving a motion for summary judgment. Taybron v. City and County of San Francisco, 341 F.3d 957, 959 n.2 (9th Cir. 2003) ("Findings of fact should be eschewed in determining whether summary judgment should be granted."). Here, although the F&R does refer to "findings of fact," the record shows that Judge Cooney did not actually make findings of fact. "[T]here is no such thing as a finding of fact on summary judgment. What are sometimes loosely termed 'findings' are instead facts as to which there is no genuine issue." Thompson v. Mahre, 110 F.3d 716, 719 (9th Cir. 1997).

In FTC v. Figgie Int'l, Inc., 994 F.2d 595, 602 (9th Cir. 1993), the district court labeled "part of his decision 'findings

2 - ORDER

of fact.'" Id.  "Since there was no trial, and no other
evidentiary hearing in district court in which findings might be
made, the district court's determinations were facts which the
district court determined were material and not genuinely at
issue." Id.  The same is true here.

Plaintiff objects to the F&R's quotations from defendant's
concise statement of material facts.  It is probably better for
courts as a general rule to avoid quoting either party's concise
statement of facts.  Cf. Mont-Ros v. City of West Miami, 111 F.
Supp. 2d 1338, 1345 n.1 (S.D. Fla. 2000) (court quoted the moving
party's concise statement of facts verbatim when non-moving party
failed to submit concise statement of fact, but only after the
court had "conducted an exhaustive, independent review of the
entire record" and concluded that the moving party's concise
statement of facts was accurate).  Here, as to the facts relevant
to the FMLA claim, the F&R properly cites only undisputed facts.

To survive summary judgment, plaintiff must show disputed
issues of material fact on whether defendant impermissibly
considered the FMLA as a factor in terminating her.  Xin Liu v.
Amway Corp., 347 F.3d 1125, 1135-36 (9th Cir. 2003).  I agree
with the F&R's recommendation that defendant is entitled to
summary judgment on the FMLA claim because plaintiff was not
entitled to take leave.

3 -  ORDER

Plaintiff submitted a medical leave form to defendant, which included a statement, signed by plaintiff, stating that plaintiff understood that failure to submit a completed medical certification within 15 days of defendant's leave approval could cause the leave to be considered an unscheduled absence. Plaintiff submitted a letter from her health provider stating that plaintiff "currently has no personal health related limitation of ability to participate in employment responsibilities." Plaintiff did not submit separate medical certifications on any of her family members. Based on the health provider's letter, defendant conditionally approved plaintiff's leave request, pending receipt of a valid medical certification. Because plaintiff then failed to submit valid medical certifications for herself or for any of her family members, defendant did not approve plaintiff's FMLA leave request. Plaintiff failed to show material issues of disputed fact on her entitlement to FMLA leave.

I need not address plaintiff's objections to the F&R's statements about plaintiff's other claims, because those statements are not relevant to my decision to adopt the F&R.

Plaintiff argues that the F&R fails to discuss several issues raised by plaintiff. The F&R is not required to address every issue that a party deems relevant.

4 - ORDER

Plaintiff moves to strike portions of defendant's response to her objections.  I deny the motion to strike as moot.

I find no error.  Accordingly, I ADOPT the Findings and Recommendation of Magistrate Judge Cooney.

## CONCLUSION

Magistrate Judge Cooney's Findings and Recommendation (#62) is adopted.  Defendant's motion for summary judgment (#37) is granted as to plaintiff's claim under the Family Medical Leave Act, and plaintiff's state law claims are dismissed without prejudice.  Plaintiff's motion to strike (#67) is denied.

IT IS SO ORDERED.

DATED this _27_ day of June, 2007.


OWEN M. PANNER
United States District Judge




5 - ORDER