FILED'07 AUG 14 09:06 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUDITH E. MAK,

    Plaintiff,

v.

ASANTE, dba ROGUE VALLEY
MEDICAL CENTER,

    Defendant.

Civil No. 05-1291-CL

ORDER

**PANNER, Judge.**

Judgment was entered for defendant Asante. Defendant now submits its bill of costs. Plaintiff objects. Defendant is awarded $2,042.25 in costs.

## DISCUSSION

Under 28 U.S.C. § 1920, a federal court may tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation, but the court may not tax costs beyond those authorized by § 1920. See Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995). The court may "deny costs to a

1 - ORDER

prevailing party for reasons other than punishing misconduct." Kelley v. Sears, Roebuck, and Co., Civ. No. 01-1423-ST, 2004 WL 1824121, at *3 (D. Or. Aug. 10, 2004).[1]

## I. Deposition Costs

Deposition costs are taxable if the transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). "A deposition need not be absolutely indispensable to justify an award of costs; rather, it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." Frederick, 162 F.R.D. at 143. The cost of a deposition may be taxable even if there is no reference to the deposition in the record. Corridean v. Restore Fin. Servs. Network, LLC, Civ. No. 06-524-HU, 2007 WL 1989622, at *4 (D. Or. July 6, 2007).

Here, defendant has shown that the depositions were reasonably necessary, although defendant did not cite every transcript in its briefs. The charges for depositions and for one copy of each transcript (between $1.55 and $3.35) are reasonable and properly taxable as costs.

---

[1] Defendant cites National Information Service, Inc. V. TRW, 51 F.3d 1470, 1472 (9th Cir. 1995), for the proposition that "a district court cannot punish a party by denying costs unless the party has done something to deserve it." In Association of Mexican-American Educators v. California, 231 F.3d 572, 593 (9th Cir. 2000), the en banc Ninth Circuit overruled National Information Service "to the extent that it held that *only* misconduct may support the denial of costs to a prevailing party."

2 - ORDER

## II. Witness Fees

Defendant request witness and subpoena fees as costs. Such fees are taxable as costs. 28 U.S.C. § 1920(3). The requested witness and subpoena fees are reasonable.

## III. Shipping and Handling Costs

The invoices from the court reporting service for three depositions include shipping and handling charges, for a total of $42.00. Such charges should not be taxed as costs without further justification. See Corridean, 2007 WL 1989622, at *5 ("Absent some explanation of why there is a separate, additional $10 charge for delivery, on top of the charge for the court reporter's appearance and the provision of one original and one copy of the transcript, I do not award the $10 delivery charge."). I will deduct $42.00 from the amount requested.

### CONCLUSION

Defendant is awarded $2,042.25 in costs.

IT IS SO ORDERED.

DATED this __14__ day of August, 2007.

OWEN M. PANNER
United States District Judge

3 - ORDER